**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel Rene CENTENO–CASTELLA-
NOS, a/k/a Carlos Martinez Castalla-
no, a/k/a Carlos Sanchez, Defendant–
Appellant.**

No. 05–1551.

United States Court of Appeals,
Tenth Circuit.

Oct. 27, 2006.

William J. Leone, Office of the United
States Attorney, Denver, CO, for Plaintiff–
Appellee.

Before HARTZ, EBEL, and
TYMKOVICH, Circuit Judges.

## ORDER AND JUDGMENT*

HARRIS L. HARTZ, Circuit Judge.

Daniel Centeno–Castellanos pleaded
guilty to one count of illegal reentry after
deportation for an aggravated felony, in
violation of 8 U.S.C. § 1326(a) and (b)(2).
He was sentenced to 77 months' imprison-
ment. His counsel has filed an *Anders*
brief, *see Anders v. California*, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and a motion to withdraw as counsel. Be-
cause we agree with counsel that there are
no meritorious issues for appeal, we grant
the motion to withdraw and dismiss the
appeal.

---

* After examining the briefs and appellate rec-
ord, this panel has determined unanimously
that oral argument would not materially assist
the determination of this appeal. *See* Fed.
R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without
oral argument. This order and judgment is

Under Mr. Centeno–Castellanos's plea
agreement the government was to recom-
mend a sentence at the bottom of the
appropriate Guidelines range and a three-
point reduction for acceptance of responsi-
bility. At the change-of-plea hearing Mr.
Centeno–Castellanos, through an inter-
preter, indicated that his plea agreement
was voluntary, that he had discussed it
with his attorney, and that he understood
its terms. He further stated that he un-
derstood the nature of the charge, as well
as the potential penalties and sentences
the district court might impose, and that
he was waiving certain rights, including his
right to a jury trial. He also agreed with
the government's recitation of facts re-
garding his offense. The district court
determined that Mr. Centeno–Castella-
nos's guilty plea was given knowingly and
voluntarily with the advice of counsel, and
accepted the plea.

The Probation Office prepared a presen-
tence investigation report (PSR) in which
it determined that Mr. Centeno–Castella-
nos's total offense level was 21 and his
criminal-history level was VI. The recom-
mended Guidelines range was therefore 77
to 96 months. Counsel for Mr. Centeno–
Castellanos filed three objections to the
PSR: (1) that Mr. Centeno–Castellanos's
probation stemming from a 1989 con-
trolled-substance conviction was never re-
voked and he never received jail time on
the conviction; (2) that he was not convict-
ed of a concealed-weapon charge in 1993;
and (3) that he was not convicted of tres-
pass and theft in 2004, but had instead
received a deferred adjudication.

---

not binding precedent, except under the doc-
trines of law of the case, res judicata, and
collateral estoppel. The court generally disfa-
vors the citation of orders and judgments;
nevertheless, an order and judgment may be
cited under the terms and conditions of 10th
Cir. R. 36.3.

At the sentencing hearing on September 23, 2005, the district court rejected these objections. It found that (1) a California abstract of judgment showed that Mr. Centeno–Castellanos's probation had been revoked and he was sentenced to three year's imprisonment; (2) a copy of the disposition from Denver General Sessions Court showed that he had been convicted on the weapon charge in 1993 after entering a guilty plea; and (3) a Jefferson County, Colorado, judgment showed that he was convicted of trespass and theft in 2004. It then adopted the calculations in the PSR, with a recommended sentencing range of 77 to 96 months. The court considered the factors under 18 U.S.C. § 3553(a), and imposed a sentence of 77 months' imprisonment, followed by three years' supervised release, and a $100 special-assessment fee.

Counsel for Mr. Centeno–Castellanos filed an *Anders* brief stating the issues that could possibly be raised on appeal and why they have no merit. *See Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. As required by *Anders,* counsel provided his client with a copy of his brief and Mr. Centeno–Castellanos was informed of his right to file a response. Mr. Centeno–Castellanos has filed no response with this court.

Because Mr. Centeno–Castellanos pleaded guilty, counsel could identify only two potential claims on appeal: irregularities in the plea, and sentencing errors. He then explained why these claims would have no merit. After reviewing the record, we agree with counsel.

We DISMISS the appeal and GRANT counsel's motion to withdraw.